IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| LEONARD EARL SPRINGFIELD, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SHERIFF JAMES M. WINDER, ) <br> ) <br> Respondent. ) | **ORDER AND MEMORANDUM DECISION** <br><br> Case No. 2:09-CV-365 CW <br><br> District Judge Clark Waddoups |

---

Petitioner, inmate Leonard Earl Springfield, filed a habeas corpus petition, *see* 28 U.S.C.S. § 2254 (2010), in which he attacks his pretrial detention on state criminal charges. The latest facts known by the Court show that Petitioner is awaiting trial while his competency is being evaluated or restored at the Utah State Hospital. Respondent moves the Court to dismiss this petition because (1) Petitioner has named the wrong respondent; (2) this Court should abstain; and (3) the conditions-of-confinement claims here are inappropriately brought in a habeas petition. The Court agrees on all counts.

First, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Sheriff Winder does not now have custody of Petitioner, so this habeas petition is dismissed against him.

Second, the Court addresses exhaustion and abstention. Because Petitioner yet awaits trial, the Court infers that Petitioner filed here knowing he had not yet exhausted his state remedies as to his federal claims. Indeed, before Petitioner may

seek review of a Utah conviction in federal court, he must exhaust all available remedies in the Utah courts. *See id.* § 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275, 276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998) (unpublished). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 92 S. Ct. at 512-13. Moreover, "the pending state action might result in [failure to convict], mooting the federal case." *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *1 (N.D. Cal. May 1, 2002). Based on failure to exhaust, then, this federal petition is barred because of Petitioner's pending criminal case.[1]

A related ground for denying this federal petition is the *Younger* abstention doctrine. *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2. After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The abstention analysis has

---

[1]This Court recognizes it has authority to deny unexhausted claims on the merits, but determines that course is not called for here, when Petitioner's claims seem to require development of a record and fact finding determinations. *See Rudolph v. Galetka*, No. 99-4207, 2000 U.S. App. LEXIS 4349 (10th Cir. Mar. 21, 2000) (unpublished).

2

three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)).

Applying the analysis here, the Court first determines based on the information in the file that there is a pending state judicial proceeding. Second, although habeas cases are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks ongoing criminal proceedings, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court. In fact, as explained above, by federal statute, he *must* raise his challenges in state court first before bringing them here. *See*

3

28 U.S.C.S. § 2254(b) & (c) (2010); *Picard*, 404 U.S. at 275; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.

Finally, Petitioner raises several issues regarding the conditions of his confinement. These civil rights claims are inappropriately brought in this habeas petition and should be brought instead in a civil rights complaint if Petitioner wishes to pursue them further.

Accordingly, IT IS HEREBY ORDERED that Respondent's motion to dismiss is GRANTED. (See Docket Entry # 8.) This case is CLOSED.

DATED this 12th day of March, 2010.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge